

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONNA M. DORSEY, et al. | CIVIL ACTION |
| versus | No. 04-0342 |
| NORTHERN LIFE INSURANCE COMPANY, et al. | SECTION: I |

### ORDER AND REASONS

On August 15, 2005, this Court entered an order granting in part and denying in part defendants' motion to dismiss.[1] The matter now before the Court is plaintiffs' motion to reconsider this order.[2] For the following reasons, plaintiffs' motion is **DENIED**.

### *LAW AND ANALYSIS*

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). A motion for reconsideration filed within ten days of the district court's judgment will be recharacterized as a

---

[1] Rec. Doc. No. 111.

[2] Rec. Doc. No. 130.

motion to alter or amend the judgment and construed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See id.* (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)); *see also Blanchard & Co. v. Barrick Corp.*, 2003 U.S. Dist. LEXIS 20076, at *3 n.1 (E.D. La. 2003) ("A motion filed pursuant to *Rule 59(e)* requires a filing within ten (10) business days of the dispositive motion which the party seeks to have reconsidered . . . ."). A motion for reconsideration filed more than ten days after the judgment is treated as a Rule 60(b) motion for relief of judgment. *Dial One of the Mid-South, Inc. v. Bellsouth Telecomm., Inc.*, 401 F.3d 603, 606 (5th Cir. 2005) (citing *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 n.3 (5th Cir. 1991)); *see also Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) ("Under which Rule the motion falls turns on the time at which the motion is served.").

This Court's order, filed on August 15, 2005, would have required that a motion for reconsideration be filed by August 29, 2005, in order to be scrutinized under Rule 59(e). *See* Fed. R. Civ. P. 6(a) ("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."). Plaintiffs' motion was docketed on October 24, 2005, but it may have been filed much earlier; its certificates of service indicate that service was effected on September 29. The effects of Hurricane Katrina, which made landfall in the New Orleans area on Monday, August 29, 2005, prompted a stay of all filing deadlines in the Eastern District of Louisiana until November 25, 2005.[3] Considering that the final day to file

---

[3] *See* Order of Chief Judge Helen G. Berrigan, *at http://www.laed.uscourts.gov/GENERAL /Notices/Termination%20of%20Order%2011.03.05.pdf* (November 6, 2005). In addition, the final day of a prescriptive period may not be "a day on which weather or other conditions have made the office of the clerk of the district court inaccessible." Fed. R. Civ. P. 6(a).

the motion as a Rule 59(e) request fell within this stay, the Court finds that a Rule 59(e) analysis is appropriate.[4]

A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under" Rule 59(e). *Lavespere*, 910 F.2d at 174. There are considerations that limit this discretion, however: (1) the need to bring litigation to an end, and (2) the need to render just decisions on the basis of all the facts. *Id.* (citations omitted). "'Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory.'" *Simon*, 891 F.2d at 1159 (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)).

Plaintiffs' motion does not demonstrate any manifest error of law or fact. Instead, plaintiffs' motion simply restates arguments and evidence presented to and considered by the Court with

---

[4]Ultimately, the Rule 59(e) analysis is more generous to plaintiffs, saving their motion from the "exacting substantive requirements" of Rule 60(b). *See Lavespere*, 910 F.2d at 173-74, citing *Smith v. Morris & Manning*, 657 F. Supp. 180, 181 (S.D.N.Y. 1987) (noting "the somewhat stringent requirements of Rule 60, which is aimed at protecting the finality of judgments from belated attack").

respect to defendants' motion to dismiss. Their motion argues that the written sales agreement was breached because: (1) plaintiffs were told that they would not be allowed to sell other Reliastar products to members of the AFT union, and (2) ING put pressure on plaintiffs to sell the AFT-endorsed ING product even though plaintiffs thought these products were not suitable for their clients.[5] Plaintiffs presented both arguments in their brief responding to defendants' motion to dismiss[6], and this Court's order fully addressed plaintiffs' breach of contract claims with respect to the written sales agreement[7]. Because plaintiffs' motion to reconsider recapitulates arguments already presented to this Court, provides additional argument that should have been previously urged, and fails to provide any new evidence or allegations[8], the Court concludes that plaintiffs' motion is not sufficient to warrant Rule 59(e) relief.

Plaintiffs' motion also includes a request that, should the Court agree to reconsider its order, plaintiffs be allowed to amend their pleadings.[9] This Court has already granted plaintiffs one previous opportunity to amend their complaint in response to defendants' Rule 12(b)(6) motion to dismiss and request for a more definite statement.[10] Plaintiffs have had more than sufficient

---

[5]Rec. Doc. No. 130, pp. 2-3.

[6]Rec. Doc. No. 74, pp. 3-5.

[7]Rec. Doc. No. 111, pp. 15-18.

[8]A footnote to the motion for reconsideration indicates that plaintiffs Sabadie, Pitts, and Labourdette were deposed by defendants after this Court's determination of the motion to dismiss. Rec. Doc. No. 130, p. 2. Plaintiffs' motion, however, presents no argument as to why any information elicited by these depositions sheds any new light on plaintiffs' allegations.

[9]Rec. Doc. No. 130, p. 4.

[10]Rec. Doc. No. 38.

opportunity to file proper pleadings. This Court need not do their work. Because this Court finds no merit in plaintiff's motion to reconsider, no further amendment is warranted.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion to reconsider is **DENIED**.

Houston, Texas, November __7__, 2005.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**